IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID ERIC ALLEN,                          :    Civil Action
                                           :    NO. 12-cv-02649
                Plaintiff                  :
                                           :
        v.                                 :
                                           :
COMMONWEALTH OF PENNSYLVANIA;              :
A.D.A. MR. GENOVESE;                       :
PUBLIC DEFENDER ASSOCIATION;               :
MR. MICHEAL JOHN, ESQUIRE;                 :
CHIEF OFFICE OF CLERK OF COURT;            :
MR. RICHARD WINTER; and                    :
COURT OF MONTGOMERY COUNTY,                :
                                           :
                Defendants                 :

                        *    *    *

APPEARANCES:

                DAVID ERIC ALLEN,
                     Plaintiff Pro Se

                        *    *    *

                    O P I N I O N

JAMES KNOLL GARDNER
United States District Judge

        Before the court is an Application to Proceed In Forma

Pauperis and two civil rights complaints filed by plaintiff David

Eric Allen pro se.  Plaintiff brings this civil rights action,

pursuant to 42 U.S.C. § 1983, against the Commonwealth of

Pennsylvania; Montgomery County Assistant District Attorney

Genovese; the Montgomery County Public Defender Association;

Michael John, Esquire; the clerk of the Court of Common Pleas of

Montgomery County; Richard Winter, Esquire; and the Court of

Common Pleas of Montgomery County, Pennsylvania.  He seeks to

proceed _in_ _forma_ _pauperis_.  For the following reasons, I grant plaintiff leave to proceed _in_ _forma_ _pauperis_ and dismiss his complaints pursuant to 42 U.S.C. § 1915(e)(2)(B).[1]

JURISDICTION

Jurisdiction in this case is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to plaintiff's claims allegedly occurred within this judicial district.

CONTENTIONS OF PLAINTIFF

Plaintiff's claims are based on events that allegedly occurred during the course of criminal proceedings which were brought against him in the Montgomery County Court of Common Pleas nearly two decades ago.  According to the complaints, on May 27, 1993 Richard Winter, an attorney who was either appointed to represent plaintiff, or who purported to represent plaintiff, waived plaintiff's right to a preliminary hearing "in [plaintiff's] absence."

---

[1]      Plaintiff filed two complaints in this action.  His first complaint was prepared on the Form to be Used by a Prisoner in Filing a Civil Rights Complaint and was filed on May 15, 2012 in connection with his motion to proceed _in_ _forma_ _pauperis_.  Plaintiff's second complaint was also prepared on a Form to be Used by a Prisoner in Filing a Civil Rights Complaint and was filed on June 5, 2012 with the submission of his prisoner account statement.

Plaintiff contends that Attorney Winter deprived him of due process of law by waiving the preliminary hearing, and "fraudulently conspired with [the] prosecution to waive [the] hearing" by claiming that he represented plaintiff, even though plaintiff had not retained him.

Plaintiff further alleges that the Commonwealth of Pennsylvania, the Montgomery County Court of Common Pleas, and the Montgomery County Assistant District Attorney Genovese deprived him of due process of law by allowing Attorney Winter to waive the preliminary hearing and by failing to conduct a colloquy concerning plaintiff's intention to waive the hearing, or to obtain a written consent from plaintiff that he intended to do so.[2]

Plaintiff either pled guilty or nolo contendere on January 5, 2000.  He contends that his plea is invalid because the court (1) failed to notify him of the factual basis underlying the charge to which he pled; (2) failed to explain the elements of the offense with which he was charged; (3) failed to explain that he was subject to a statutory mandatory minimum term of three years imprisonment; and (4) lacked jurisdiction to

---

[2]     It appears that plaintiff may be asserting a procedural due process claim based on the court's alleged failure to comply with applicable procedural rules.  See Pa.R.Crim.P. 140A(3) (1993) which provides that "[i]f the defendant waives the preliminary hearing and consents to be bound over to court, the defendant and defense attorney, if any, shall certify in writing that the issuing authority told the defendant of the right to have a preliminary hearing, and that the defendant voluntarily waives the hearing and consents to be bound over to court."

-3-

accept the plea because plaintiff never received a preliminary hearing and, despite the events of May 1993, never waived his right to a hearing.

Plaintiff also contends that the plea was procured "through fraudulent measures" because the charges were held over for court after the allegedly improper 1993 waiver.

Plaintiff claims that the Commonwealth of Pennsylvania and the Montgomery County Court of Common Pleas deprived him of due process of law by accepting the invalid plea.  He also claims that Montgomery County Assistant District Attorney Genovese deprived him of his due process rights by procuring the invalid plea, failing to conduct a presentence investigation before plaintiff accepted the plea, and by testifying prior to the plea that plaintiff had waived his right to a preliminary hearing.[3]

Additionally, plaintiff claims that his attorney at the time, Michael John of the Montgomery County Public Defender's Association, failed to provide effective assistance of counsel

---

[3]     Paragraph 10 on page 6 of plaintiff's Complaint states:

> The Commonwealth Court of Montgomery County of Norristown unlawfully imprisoned plaintiff, in depriving him of his right to due process; where Mr. Genovese testified that plaintiff waived preliminary hearing during pretrial proceedings.  The court lacked subject matter jurisdiction to accept guilty plea, by its failure to establish prima facie case with a showing of probable cause because of fraudulent waiver of plaintiff's preliminary hearing, by unretained attorney Mr. Richard Winter and Montgomery County's A.D.A. Mr. Genovese.

See Paragraph 10, page 6 of Form to be Used by a Prisoner in Filing a Civil Rights Complaint filed June 5, 2012.

during the plea colloquy and deprived him of his due process rights by withdrawing as his attorney instead of filing post-sentence motions or an appeal on his behalf.

Finally, plaintiff claims that the Commonwealth, the Montgomery County Court of Common Pleas, and the clerk of that court deprived him of his due process rights in connection with a motion for modification and/or reconsideration that was filed by plaintiff pro se after he was sentenced.  He claims that the clerk improperly docketed the motion as filed on January 13, 2002 instead of "on or before December 21, 2001" pursuant to the prison mailbox rule.

Plaintiff contends that as a result of the clerk of court's failure to docket his motion on an earlier date, plaintiff lost his right to appeal.  Alternatively, he claims that the clerk of court should have treated the motion as a timely petition for relief under the Pennsylvania Post Conviction Relief Act.  42 Pa.C.S. §§ 9541-9551.

Based on those alleged constitutional violations, plaintiff seeks to withdraw his plea and asks this court to vacate his conviction and sentence.  He also seeks more than one million dollars in damages from defendants.

STANDARD OF REVIEW

The criteria for determining whether a plaintiff may proceed in forma pauperis is set forth in 28 U.S.C. § 1915.

-5-

Section 1915(e)(2)(B) of Title 28 of the United States Code requires the court to dismiss a complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

Whether a complaint fails to state a claim under Section 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  Therefore, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868, 884 (2009) (quotations omitted).

The Court may also consider matters of public record. Buck v. Hampton Township School District, 452 F.3d 256, 260 (3d Cir. 2006).  Furthermore, if an affirmative defense is obvious from the face of the complaint, the Court may dismiss any facially invalid claims sua sponte.  See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002).

Because plaintiff is proceeding pro se, the court must construe his allegations liberally.  Higgs v. Attorney General, 655 F.3d 333, 339 (3d Cir. 2011).

DISCUSSION

Claims Not Cognizable Under § 1983

In his complaints, plaintiff requests injunctive relief.  Neither injunctive relief, nor the majority of plaintiff's damages claims are cognizable in a Section 1983 action.  Plaintiff's request to withdraw his plea and his request that his conviction and sentence be vacated are not cognizable because such relief is available only in a habeas corpus action. See Preiser v. Rodriquez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439, 456  (1973); Maness v. District Court of Logan County-Northern Division, 495 F.3d 943, 944 (8th Cir. 2007) (per curiam).

Similarly, plaintiff's constitutional claims for damages based on the 1993 waiver of his preliminary hearing and the invalidity of his plea are not cognizable.  This is because a plaintiff in a Section 1983 action may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, ... [unless he] prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"

-7-

Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 394 (1994) (footnote and citation omitted).

Here, it is apparent from plaintiff's complaints that the conviction underlying plaintiff's claims has never been reversed or otherwise invalidated.  A review of publicly available dockets confirms that the conviction remains intact. Accordingly, because success on plaintiff's claims concerning the 1993 waiver and 2000 plea would necessarily imply the invalidity of his conviction, those claims must be dismissed.

### Claims Barred by Immunity

Additionally, principles of immunity bar plaintiff's claims against several of the defendants.  The Commonwealth of Pennsylvania and the Montgomery County Court of Common Pleas are entitled to Eleventh Amendment immunity.  In Will v. Michigan Department of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45, 55 (1989), the United States Supreme Court explains that Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties".

In Benn v. First Judicial District of Pennsylvania, 426 F.3d 233, 235 n.1, 241 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that Pennsylvania's judicial districts, including the Courts of Common Pleas, are entitled to Eleventh Amendment immunity.

-8-

In addition, Assistant District Attorney Genovese is entitled to prosecutorial immunity because he is being sued for acts performed in his capacity as a prosecutor which were "intimately associated with the judicial phase of the criminal process." Imbler v. Pactman, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128, 143 (1976); see also Donahue v. Gavin, 280 F.3d 371, 377 n.15 (3d Cir. 2002).

Furthermore, to the extent that plaintiff's claims are based on "testimony" which Assistant District Attorney Genovese provided in court concerning plaintiff's waiver of his preliminary hearing, Attorney Genovese is entitled to absolute immunity as a witness. See Rehberg v. Paulk, __ U.S. __, __, 132 S.Ct. 1497, 1505, 182 L.Ed.2d 593, 604 (2012), where the United States Supreme Court stated that a trial witness has absolute immunity from suit under Section 1983 "with respect to any claim based on the witness' testimony." In McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir. 1992), the United States Court of Appeals for the Third Circuit indicated that witness immunity applies to testimony given at pretrial hearings as well as to trial testimony.

Claims Against Attorneys and Public Defender Association

Additionally, plaintiff's claims against his attorneys and the Montgomery County Public Defender Association fail. Those defendants are not subject to liability under Section 1983

-9-

because they are not state actors.[4]  In <u>Polk County v. Dodson</u>,
454 U.S. 312, 325, 102 S.Ct. 445, 454, 70 L.Ed.2d 509, 521 (1981)
the United States Supreme Court indicated that a public defender
"does not act under color of state law when performing a lawyer's
traditional functions as counsel to a defendant in a criminal
proceeding." (footnote omitted).

Furthermore, to the extent that plaintiff is bringing
legal malpractice claims against his former attorneys, his claims
are time-barred.  <u>Walker v. City of Philadelphia</u>,
436 Fed.Appx. 61, 62 (3d Cir. 2011) (per curiam) (not
precedential).  The statute of limitations governing a legal
malpractice claim is two years if the claim is grounded in
negligence and four years if the claim is premised on a breach of
contract.  <u>See</u> <u>Wachovia Bank N.A. v. Ferretti</u>, 935 A.2d 565, 571
(Pa.Super. 2007); <u>see</u> <u>also</u> 42 Pa.C.S.A. §§ 5524 and 5525(a).

Legal malpractice claims accrue upon the alleged breach
of duty, <u>Ferretti</u>, 935 A.2d at 572, unless the discovery rule

---

[4]	To the extent that defendant Attorney Richard Winter is alleged to
have conspired with the prosecutor, he may be considered a state actor for
purposes of Section 1983.  <u>See</u> <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 185 (3d Cir.
1993).  However, any conspiracy claim fails because the complaints do not
assert "facts from which a conspiratorial agreement can be inferred."  <u>Great
Western Mining & Mineral Company v. Fox Rothschild LLP</u>, 615 F.3d 159, 178
(3d Cir. 2010).

Furthermore, any conspiracy claim is time-barred because, as
discussed below, plaintiff's claims concerning the 1993 waiver accrued in 2000
at the latest, such that the applicable two-year statute of limitations has
long since expired.  <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 387, 127 S.Ct. 1091,
1094, 166 L.Ed.2d 973, 980 (2007), which explains that the state statute of
limitations for personal injury torts applies in Section 1983 actions.
<u>See</u> <u>also</u> 42 Pa.C.S.A. § 5524.

applies, which would "delay[] the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of [his] injury and its cause." Beauty Time, Inc. v. VU Skin Systems Inc., 118 F.3d 140, 144 (3d Cir. 1997) (quotations omitted).

Even assuming that plaintiff did not know of the 1993 waiver at the time it occurred, he certainly should have been aware of it by 2000, when, according to him, he was convicted without having been afforded a preliminary hearing or having waived his right to a hearing.  That is especially so because Attorney Genovese "testified" that plaintiff waived his preliminary hearing during pretrial proceedings before plaintiff pled guilty.[5]

Plaintiff's claims concerning the invalidity of his plea accrued in 2000.  His claim that Attorney John abandoned him on appeal accrued some time in late 2001 or early 2002, when Attorney John stopped representing plaintiff and plaintiff began filing his own motions.  Because this lawsuit was filed in 2012, plaintiff is well outside the statute of limitations.

Time-Barred Claims Concerning Plaintiff's Post-Sentence Motion

Likewise, plaintiff's due process claims based on the docketing and treatment of his post-sentence motion are time-barred.  Pennsylvania's two-year statute of limitations for

---

[5]     See footnote 3, above.

personal injury actions, which governs those claims,
42 Pa.C.S.A. § 5524, began running "when the plaintiff knew or
should have known of the injury upon which [his] action is
based."  <u>Sameric Corp. of Delaware, Inc. v. City of Philadelphia</u>,
142 F.3d 582, 599 (3d Cir. 1998); <u>see</u> <u>also</u> <u>Wallace</u>,
549 U.S. at 387, 127 S.Ct. at 1094, 166 L.Ed.2d at 980.

 Plaintiff's complaints allege that his motion was
improperly docketed on January 13, 2002.  The publicly available
docket reveals that the court dismissed the motion on January 16,
2002.  Accordingly, plaintiff knew of the Clerk of Court's
alleged errors in handling his motion in early 2002.

 Even assuming that plaintiff did not have actual
knowledge, if he were exercising reasonable diligence, he should
have known of the facts underlying his claims several years
before he filed this action.  <u>See</u> <u>Fine v. Checcio</u>, 870 A.2d 850,
858 (Pa. 2005), where the Supreme Court of Pennsylvania stated
that the "salient point" giving rise to the application of a
discovery rule "is the inability of the injured, despite the
exercise of reasonable diligence, to know that he is injured and
by what cause."

 Accordingly, plaintiff's claims concerning the post-
sentence motion are time-barred.[6]

---

 [6] Nothing in plaintiff's complaints suggests a basis for tolling the
applicable statute of limitations.

CONCLUSION

For the forgoing reasons, I grant plaintiff leave to proceed in forma pauperis and dismiss his complaints pursuant to 42 U.S.C. § 1915(e)(2)(B).

Because plaintiff cannot cure the defects in his complaints, he will not be given leave to amend because amendment would be futile.  See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002).